UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CONSTANCE WALKER,

                Plaintiff,

                                              **Hon. Hugh B. Scott**

              v.                                     **17CV1175**

                                               **CONSENT**

COMMISSIONER,                                **Order**

                Defendant.

Before the Court are the parties' respective motions for judgment on the pleadings (Docket Nos. 20 (plaintiff), 24 (defendant Commissioner)). Having considered the Administrative Record, filed as Docket No. 7 (references noted as "[R. __]"), and the papers of both sides, this Court reaches the following decision.

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled to disability insurance benefits and/or Supplemental Security Income benefits. The parties consented to proceed before a Magistrate Judge (Docket No. 10).

## PROCEDURAL BACKGROUND

The plaintiff ("Constance Walker" or "plaintiff") filed an application for disability insurance benefits on October 1, 2013 [R. 11]. That application was denied initially. The plaintiff appeared before an Administrative Law Judge ("ALJ"), who considered the case <u>de</u>

novo and concluded, in a written decision dated June 28, 2016, that the plaintiff was not disabled within the meaning of the Social Security Act. The ALJ's decision became the final decision of the Commissioner on September 22, 2017, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on November 17, 2017 (Docket No. 1). The parties moved for judgment on the pleadings (Docket Nos. 16, 20), and plaintiff duly replied (Docket No. 24). This case was scheduled for argument on January 24, 2019 (Docket No. 25), but this was canceled (Docket No. 26). Upon further consideration, this Court then determined that the motions could be decided on the papers.

## FACTUAL BACKGROUND

Plaintiff, a 48-year-old when she originally applied for benefits in 2013 but was 50 years old when she amended her onset date, October 22, 2014 [R. 11], with a high school education, did not have past relevant work before her application date, October 1, 2013 [R. 13, 19]. Thus, the period of benefits plaintiff now claims is from October 22, 2014, to June 28, 2016 (the date of the Administrative Law Judge's decision).

Plaintiff claims the following impairments deemed to be severe by the Administrative Law Judge ("ALJ"): degenerative arthritis of the knees, bilateral; depressive disorder; panic disorder; obesity [R. 13]. As for plaintiff's obesity, plaintiff's BMI on January 31, 2015, equaled 39.6[1] [R. 595]. The following impairments the ALJ found were not severe (because they were controlled with medication, will not last for twelve months, not alleged by plaintiff to

---

[1]Plaintiff was 162.06 cm (or approximately 5' 4") tall and weighed 104.0 kg. (or over 229 lbs.) [R. 595]. On February 10, 2014, when evaluated by Dr. Abrar Siddiqui, plaintiff weighed 201 pounds and measured 5'4½" [R. 298]; the body mass index at this weight is 34.5, obese.

interfere with ability to function): hypertension; past increased heart rate; gastrointestinal reflux disease ("GERD"); history of BB injury in left hip with history of pain; diagnosed lumbar degeneration with radiculopathy; history of marijuana use and cocaine dependence [R. 14]. Plaintiff also complains about the side effects from medication (when taken), dizziness, drowsiness, nausea, blurred vision, but the ALJ found no medical evidence of symptoms [R. 14].

## MEDICAL AND VOCATIONAL EVIDENCE

The ALJ found that plaintiff had a residual functional capacity to perform light work, with exceptions, plaintiff must be able to sit and stand alternatively at will, that she could occasionally stoop and climb ramps and stairs, but she could never kneel, crouch, crawl, or climb ladders, ropes, or scaffolds, among other limitations [R. 16]. Given these non-exertional limitations, the ALJ posed to a vocational expert what occupations a hypothetical claimant could perform with plaintiff's age, education, experience, and medical condition. The expert opined that this claimant could be a retail price marker, mail clerk, or electrical assembler [R. 20]. The ALJ found that substance use not a contributing factor to her condition [R. 21]. As a result, the ALJ concluded that plaintiff was not disabled as of October 1, 2013 [R. 20, 21].

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that the impairment prevents the claimant from returning to his or her previous type of employment. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing past relevant work; and

(5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). However, it should be noted that the ALJ has an affirmative duty to fully develop the record. Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a claimant from performing past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work that has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). When the plaintiff's impairment is a mental one, special "care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work." See Social Security Ruling 82-62 (1982); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ must then determine the individual's ability to return to past relevant work given the claimant's residual functional capacity. Washington, supra, 37 F.3d at 1442.

*Application*

In the instant case, the issue is whether the ALJ had substantial evidence to support the denial of disability coverage. Whether the ALJ had substantial evidence to support the conclusion that plaintiff can perform light work (with some limitations) as construed by the ALJ.

5

I.  Substantial Evidence for Finding of Light Work

At Step Four of the five-step analysis, plaintiff contends that the ALJ erred in finding that her impairments did not prevent her from substantial gainful activity (Docket No. 16, Pl. Memo. at 1). She complains that part of the light work finding that plaintiff could stand and walk for four hours (of an eight-hour workday) was unsupported by the record (id. at 8-12; see Docket No. 24, Pl. Reply Memo. at 1-3), that this finding is not explained and not tethered to any evidence in the record (Docket No. 24, Pl. Reply Memo. at 1, 2), see Jordan v. Berryhill, No 17CV509, 2018 WL 5993366, at *3 (W.D.N.Y. Nov. 15, 2018) (McCarthy, Mag. J.). She also argues that the ALJ failed to consider her obesity in reaching the residual functional capacity finding (Docket No. 16, Pl. Memo. at 10-11).

Defendant Commissioner responds that the ALJ had sufficient evidence to find that plaintiff could perform light work (Docket No. 20, Def. Memo. at 11-19). Defendant argues that the ALJ did consider plaintiff's obesity, by finding that it was a severe impairment at Step Two but then found that it did not meet or exceed a Listing at Step Three (id. at 15).

The four-hour stand/walk requirement has no basis in plaintiff's medical record. Light work is defined by the amount a claimant can lift frequently or occasionally, 20 C.F.R. § 416.967(b), and has been interpreted to require standing for up to six hours a day and differs from sedentary work from the amount of walking or standing required, Carolyn A. Kubischek and Jon C. Dubin, Social Security Disability Law and Procedure in Federal Court § 3:53, at 1 (2019). As one commentator noted "a claimant who must alternately sit and stand is not capable of doing prolonged standing or walking necessitated by light work," id. at 1 (text at n.7).

II.     Dr. Siddiqui's Opinion

Plaintiff next argues that the ALJ did not reasonably evaluate the opinion of consultative evaluator, Dr. Abrar Siddiqui (Docket No. 16, Pl. Memo. at 10). Dr. Siddiqui found that plaintiff had moderate limitations in sitting, standing, climbing, pushing, pulling, or carrying heavy objects [R. 300, 18]. The ALJ gave great weight to Dr. Siddiqui's opinion ([R. 18]; see Docket No. 16, Pl. Memo. at 10), claiming that the ALJ incorporated this opinion into the residual functional capacity assessment [R. 18]. Presented with this residual functional capacity and its sit/stand option, the vocational expert opined that light work would require the ability to stand for a total of four hours out of an eight-hour workday ([R. 146]; Docket No. 16, Pl. Memo. at 10). Despite presumably granting great weight to Dr. Siddiqui's opinion, there is no basis for the four-hour stand/walk requirement opined by the vocational expert (see Docket No. 16, Pl. Memo. at 10).

The ALJ posed three hypotheticals to the vocational expert [R. 142-46]. In the first two hypotheticals the claimant could perform light work but with a sit/stand at will option (among other conditions) [R. 142, 143-44]. The vocational expert opined three occupations (retail price marker, mail clerk, or electrical assembler) [R. 143, 144] that require that claimant to stand or walk for four hours a day [R. 146-47]. The third hypothetical posed that the claimant could perform sedentary work and the vocational expert opined three different occupations (printed circuit board inspector, semiconductor assembler, or wire wrapper) that could be performed [R. 144-15]. For these sedentary jobs, the expert stated that at least two hours of standing per workday would be required [R. 146].

7

The ALJ adopted the second hypothetical (of light exertion work with the added restriction that the claimant could never crouch) as the basis for concluding plaintiff was not disabled [R. 16, 20-21]. The ALJ did not explain why sedentary work was not applicable for plaintiff. While this hypothetical stated a sit/stand option, the ALJ's ultimate finding adopting the vocational expert's opinion failed to justify the hours required to stand or walk as compared with the moderate limitation found by Dr. Siddiqui (an opinion the ALJ claimed to have incorporated in the residual functional capacity assessment). As plaintiff notes (Docket No. 24, Pl. Reply Memo. at 2), this finding is not tethered to any evidence in the record. The ALJ erred in relying upon the vocational expert's opinion about the duration of a stand/walk requirement. Plaintiff's motion is thus **granted**.

## CONCLUSION

For the foregoing reasons, plaintiff's motion (Docket No. 16) judgment on the pleadings is **GRANTED**, and defendant's motion (Docket No. 20) for judgment on the pleadings is **DENIED**. Thus, the decision of the defendant Commissioner is **vacated and remanded** for further proceedings consistent with the above decision to find additional facts, pursuant to sentence four of 42 U.S.C. § 405(g), see Curry v. Apfel, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of the Court shall close this case.

So Ordered.

*s/Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
March 27, 2019